UNITED STATES of America, Plaintiff–Appellee,

v.

Leroy SBRUSCH, Defendant–Appellant.

Nos. 04–30163, 04–30169.

United States Court of Appeals, Ninth Circuit.

Nov. 10, 2005.

Robert E. Lindsay, Esq., Alan Hechtkopf, Karen M. Queshel, U.S. Department of Justice, Tax Division, Washington, DC, for Plaintiff–Apellee.

Allison E. Mendel, Esq., Mendel & Associates, Anchorage, AK, for Defendant–Appellant. D.C. No. CR–03–00087–aka–JKS, CR–03–00087–2–a–JKS.

Before: GOODWIN, BRUNETTI and W. FLETCHER, Circuit Judges.

ORDER

Pursuant to this court's order of July 18, 2005, appellant Leroy Sbrusch was given 28 days to file a supplemental pro se brief and a statement indicating whether he wishes to pursue a remand for resentencing, and the court reserved further action on the withdrawal of counsel and decision on the merits.

On September 2, 2005, the court issued an unpublished Memorandum resubmitting the above captioned case, granting counsel's motion to withdraw, and affirming Sbrush's convictions and sentence. The Memorandum was explicitly premised on the court's understanding that "Sbrusch

of this circuit except as provided by Ninth Circuit Rule 36–3.

did not file a pro se supplemental brief" pursuant to the court's order of July 18, 2005.

The court has since discovered that the statement quoted above was inaccurate. In fact, Sbrusch did submit a letter to the court, which was dated August 23, 2005, and received by the court on August 29, 2005, four days prior to the filing of the court's Memorandum. The panel was unaware of Sbrusch's letter because it was not docketed or forwarded to the panel until September 20, 2005. In light of the impending issuance of the mandate, the court issued an order on September 22, 2005, staying the mandate pending further court order so that the panel could consider the import of Sbrusch's letter.

In light of the court's error and Sbrush's incarceration and effective pro se status for purpose of briefing under *Anders,* and pursuant to the court's authority to set the *Anders* briefing schedule under Circuit Rule 4–1(c)(6), we hereby exercise our discretion to excuse the tardiness of Sbrusch's pro se letter and deem the letter filed on the date it was received by the court, August 29, 2005.

Considering the content of the letter, Sbrusch waives any claim for a remand for resentencing, stating: "Sbrusch does not wish remand for resentencing." Regarding the filing of a supplemental pro se brief to address other issues, however, Sbrusch alleges: "Allison Mendel's office apparently did not 'deem it necessary' to contact Sbrusch until the end of April, 2005. Sbrusch was informed there were no funds to provide transcripts." Sbrusch further states: "Sbrusch asks the Court. From what should this brief be prepared? The court and its attorneys have 'not deemed it necessary' to provide Sbrusch with transcripts."

We construe Sbrusch's letter as alleging that his counsel of record failed to provide trial transcripts to Sbrusch for the stated reason of a lack of funds; asserting that Sbrusch seeks to exercise his right to file a supplemental pro se brief; and contending that Sbrusch is unable to do so because he has been denied access to records necessary to prosecute his appeal.

Because counsel invoked the procedures of *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Sbrusch is effectively proceeding pro se for purposes of filing his supplemental brief. Among the rights guaranteed to a pro se defendant by the Sixth Amendment is "the right of the defendant to make a defense," which includes "time to prepare and some access to materials" such as "law books ... or other tools," subject of course to "special adjustments" due to "[s]ecurity considerations and avoidance of abuse." *Milton v. Morris,* 767 F.2d 1443, 1445–46 (9th Cir.1985); *see also Taylor v. List,* 880 F.2d 1040, 1047 (9th Cir.1989). We further note the requirements of *Anders,* 386 U.S. at 744, 87 S.Ct. 1396, that counsel's brief "refer[ ] to anything in the record that might arguably support the appeal," and of Ninth Circuit Rule 4–1(c)(6), that "counsel shall designate all appropriate reporter's transcripts, including but not limited to complete transcripts for the plea hearing and sentencing hearing, and shall include the transcripts in the excerpts of record." Taken together, these authorities support Sbrusch's plea for access to the excerpts of record, including transcripts of the proceedings below.

Notwithstanding counsel's filing of an *Anders* brief and a motion to withdraw, counsel's obligations to assist in the prosecution of her client's appeal continue until counsel is discharged. Although counsel has notified the court that Sbrusch was served with a copy of counsel's *Anders* brief, our records do not reflect that Sbrusch was served with copies of the

excerpts of record and transcripts. These facts are consistent with Sbrusch's allegations of lack of access.

Regarding counsel's ability to procure funding for such materials, it appears that counsel was appointed and Sbrusch is proceeding under the Criminal Justice Act, and that Sbrusch therefore should be entitled to transcripts at government expense pursuant to 28 U.S.C. § 753(f).

Our disposition, including the granting of counsel's motion to withdraw, was erroneously premised and premature in light of Sbrusch's submission and the issues raised therein. We must therefore turn back the clock to address these issues and to ensure that both the court's and counsel's obligations under *Anders* are fulfilled.

Accordingly, IT IS HEREBY ORDERED:

(1) Appellant Leroy Sbrusch's pro se letter dated August 23, 2005, is deemed FILED on the date of receipt by the court, August 29, 2005.

(2) The Memorandum filed September 2, 2005, is WITHDRAWN.

(3) Submission in the above captioned case is VACATED.

(4) The court's order within the Memorandum granting counsel's motion to withdraw is VACATED, and Allison E. Mendel, Esq., is REINSTATED as counsel of record for appellant Leroy Sbrusch. Counsel's motion to withdraw remains pending before the court.

(5) Within 14 days of the issuance of this order, appellant's counsel shall file with the court a statement addressing the following: counsel's access to the excerpts of record and transcripts; Sbrusch's access to the excerpts of record and transcripts; the feasibility of providing Sbrusch with the excerpts of record and transcripts; counsel's ability to obtain reimbursement for attendant costs; and any other pertinent facts.

(6) If in fact Sbrusch was without access to the excerpts of record and transcripts when this court last granted leave for Sbrusch to file a supplemental pro se brief, and if in fact Sbrusch is currently without such access, appellant's counsel shall provide Sbrusch with copies of the excerpts of record and transcripts, shall include in counsel's statement to the court information regarding counsel's progress and prospects, and shall notify the court when service is complete. Sbrusch shall have 40 days from the receipt of such materials or the issuance of this order, whichever is later, to file a supplemental pro se brief.

(7) Within 14 days of the issuance of this order, the government may file its own brief statement addressing relevant issues or indicating whether it raises any opposition.

(8) The clerk of the court shall send, as well as phone and fax, copies of both this order and appellant Leroy Sbrusch's pro se letter dated August 23, 2005, to both counsel of record for the government at the address on file, and to reinstated counsel of record for appellant at the following address:

Allison E. Mendel, Esq.

MENDEL & ASSOCIATES

431 W. Seventh Ave., Ste. 101

Anchorage, AK 99501

(907) 279–5001

Fax (907) 279–5437

(9) The clerk of the court shall also send a copy of this order to appellant Leroy Sbrusch at the following address:

Leroy Sbrusch

Sheridan FCI, No. 14654–006

P.O. Box 6000, Unit 5

Sheridan, OR 97378

(10) The court reserves any further action regarding submission of this case, the withdrawal of counsel, or a decision on the merits.